# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY ALFONE,<br><br>      Plaintiffs,<br><br>v.<br><br>TOWN OF BOONTON et al,<br><br>      Defendant. | Civil Action No. 15-6656 (CCC)<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on motions filed by Plaintiff Gregory Alfone ("Plaintiff") for leave to file an amended complaint and to compel the production of internal affairs documents. (ECF Nos. 26, 32). Defendants Town of Boonton, Town of Boonton Police Department ("Boonton PD"), Police Officer Christopher Petonak ("Officer Petonak"), Police Officer Stephen Jones ("Lieutenant Jones"), Police Officer Anthony Limandri ("Officer Limandri"), and Police Officer Andre Gibson ("Officer Gibson") (collectively referred to as "Boonton Defendants") oppose Plaintiff's motions. (ECF Nos. 29, 33). For the reasons set forth below, Plaintiff's motion for leave to file an amended complaint is **DENIED**, and Plaintiff's motion to compel the production of internal affairs documents is **DENIED in part, and GRANTED in part**.

**I.    BACKGROUND**

By way of background, this action arises from an incident occurring on April 29, 2014, which involved Plaintiff and Boonton Defendants. (Compl., ECF No. 1). Plaintiff claims Boonton Defendants illegally entered his apartment, assaulted him, and falsely arrested him. *Id*. Based on

1

these events, Plaintiff commenced this action on September 3, 2015 by the filing of his Complaint. *Id*. Plaintiff's Complaint alleges eight causes of action including assault and battery, false arrest, violations of the fourth and fifth amendments, civil conspiracy, and negligent hiring and/or training. *Id*. On December 15, 2015, the Court entered a Pretrial Scheduling Order directing the parties to file motions for leave to amend the pleadings and/or to add new parties no later than March 11, 2016. (ECF No. 14).

On March 16, 2017, Plaintiff filed a motion to amend his Complaint to add a cause of action for failure to supervise and to add two new Boonton Police Officers, Leroy Harris ("Officer Harris") and Steven Kairys ("Officer Kairys"), as Defendants. (Pl.'s Mot. to Amend, ECF No. 29). In addition, Plaintiff seeks to withdraw his original negligent hiring and/or training claim, and to withdraw all claims against Officer Gibson. *Id*. According to Plaintiff, he has learned that Officer Gibson was not involved in the incident in question. *Id*.

Boonton Defendants oppose Plaintiff's motion to amend. (*See* Defs.' Br. in Opp'n, ECF No. 29). They argue that Plaintiff failed to demonstrate good cause and should not be permitted to add new parties and a new claim. *Id*. They further argue that Plaintiff failed to meet the standard for leave to file an amended complaint under Rule 15(a)(2) because there has been extensive delay and Boonton Defendants will be severely prejudiced. *Id*. On the other hand, Boonton Defendants do not oppose Plaintiff's proposed amendments to withdraw Officer Gibson and his original claim for negligent hiring and/or training. *Id*.

Subsequently, On May 10, 2017, Plaintiff filed a motion to compel seeking production of the internal affairs files of the Boonton Defendants, Officer Leroy Harris and Officer Steven Kairys. Plaintiff claims that he filed the present motion to compel because the Boonton PD refused

to provide the internal affairs files, and resolution of this issue could not be reached. (Pl.'s Mot. to Compel, ECF No. 32).

Boonton Defendants oppose Plaintiff's motion to compel. (*See* Defs.' Opp'n Letter, ECF No. 33). Boonton Defendants argue that they will be "greatly prejudiced" if the Court compels production of the internal affairs files because "they will be forced at the eleventh hour of discovery to address any new issues that arise out of the internal affairs files." *Id* at 4. Boonton Defendants further argue that should the Court grant Plaintiff's motion to compel, the Court should limit the production of internal affairs files to the following: (1) the files of the named Defendants only; (2) files from the past five years; (3) and files that deal with complaints of assault and battery, false arrest, conspiracy, illegal search and seizure, violations of the self-incrimination clause, and violations of the equal protection clause." *Id* at 4. Lastly, Boonton Defendants contend that any production of internal affairs files must be strictly governed and protected by the Confidentiality Order that this Court entered on January 9, 2016. *Id*. at 8.

## II.    **MOTION TO AMEND**

### A. **Legal Standard**

"The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." *Karlo v. Pittsburgh Glass Works, LLC,* 2011 WL 5170445, at *2 (W.D.Pa. Oct. 31, 2011). Rule 15 states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." *Karlo,* 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)). In situations such as the present, where a party seeks to amend "after the deadline for

doing so set by the Court, the movant must satisfy the [good cause standard] of Rule 16 before the Court will turn to Rule 15." *Id.* at *2; *see also Dimensional Commc'n, Inc. v. OZ Optics, Ltd.,* 148 F. App'x 82, 85 (3d Cir. 2005) (instructing that the Third Circuit has adopted a good cause standard when determining the propriety of a motion to amend after the deadline has elapsed).

Rule 16 of the Federal Rules of Civil Procedure authorizes courts to enter schedules of proceedings. The pretrial scheduling order allows a court to take "judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 469 (D.N.J. Oct. 19, 1990) (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 Amendment)); *see also Newton v. A.C. & S., Inc.,* 918 F.2d 1121, 1126 (3d Cir. 1990) (stating the purpose of Rule 16 is to provide for judicial control over cases, streamline proceedings, maximize efficiency of the court system, and actively manage the timetable of case preparation to expedite speedy and efficient disposition of cases).

A scheduling order must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The requirement of a deadline for amending pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed." Fed. R. Civ. P. 16(b) advisory committee's note (1983 Amendment); *see also Harrison,* 133 F.R.D. at 469 ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired"). The burden is on the moving party to show "good cause" for its failure to comply with the applicable scheduling order, and accordingly, for the Court to allow its proposed amended pleading. *Prince v. Aiellos,* No. 09–5429, 2012 WL 1883812, at *6 (D.N.J. May 22, 2012) (quoting *Graham,* 271 F.R.D. at 118); *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 614 F.3d 57, 84 (3d

Cir. 2010) (affirming the trial court's holding that "Rule 16(b)(4) focuses on the moving party's burden to show due diligence").

Whether "good cause" exists under Rule 16 hinges to a large extent on the diligence, or lack thereof, of the moving party. *GlobespanVirata, Inc. v. Texas Instruments, Inc.,* 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting *Rent–A–Ctr. v. Mamaroneck Ave. Corp.,* 215 F.R.D. 100, 104 (S.D.N.Y. Apr. 9, 2003)). Put succinctly, "[a]bsent diligence, there is no 'good cause.' " *Chancellor v. Pottsgrove Sch. Dist.,* 501 F.Supp.2d 695, 702 (E.D.Pa. Aug.8, 2007); *see also* Fed. R. Civ. P. 16(b), advisory committee's note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

When examining a party's diligence and whether "good cause" exists for granting an otherwise untimely motion to amend pleadings, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Stallings ex rel. Estate of Stallings v. IBM Corp.,* Civ. No. 08–3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *Kennedy v. City of Newark,*, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion. *See Dimensional Commc'n.,* 148 F. App'x at 85 (upholding trial court's finding that the movant could not show "good cause"

because it was in possession of the facts underlying its proposed counterclaim well before the deadline for amendment).

   B. Discussion

      i.  *Rule 16*

The Initial Pretrial Scheduling order in this matter was entered on December 15, 2015, and set forth a deadline for moving to amend pleadings on March 11, 2016. (*See* Pretrial Scheduling Order at ¶ 16, ECF No. 14). Plaintiff filed the present motion to amend on March 16, 2017, which is more than a year after the deadline. Since Plaintiff's motion to amend was filed after the expiration of the March 11, 2016 deadline, the Court must determine whether Plaintiff has demonstrated "good cause" under Rule 16.

As an initial matter, the Court addresses Plaintiff's proposal to withdraw all claims against Officer Gibson. According to Plaintiff, he learned during discovery that Officer Gibson was not involved during the April 29, 2014 incident that gave rise to his Complaint. Boonton Defendants do not oppose this proposal. Since there is no opposition to Plaintiff's proposal, all claims against Officer Gibson are dismissed.

With regards to Plaintiff's motion to amend to add new parties, the Court finds that Plaintiff has not established good cause to amend his Complaint. Plaintiff's motion to amend is supported by a brief which is merely a recitation of facts and legal conclusions. Plaintiff does not address or acknowledge the Rule 16 or good cause standard, but instead relies solely on Rule 15. Thus, Plaintiff provides no explanation as to why good cause exists to allow Plaintiff to amend his Complaint more than a year after the March 11, 2016 deadline for amendments and joinder of parties. Therefore, Plaintiff has not established good cause under Rule 16 to amend the Complaint and Plaintiff's motion to amend to add Officers Kairys and Harris will therefore be **DENIED**.

Next, the Court finds that Plaintiff has not established good cause to amend his Complaint to add a new claim. Here, Plaintiff asserts that he did not have the necessary information to allege a cause of action for failure to supervise until after the deposition of Lt. Jones. (Pl.'s Br. in Supp. of Mot. to Amend at 3, ECF No. 26). Opposing Plaintiff's motion, Boonton Defendants argue that the Court should deny Plaintiff's motion to amend because Plaintiff failed to demonstrate good cause under Rule 16. Specifically, Boonton Defendants contend that "Plaintiff had ample time throughout the course of the municipal trial and appeal as well as during his grand jury proceedings to ascertain with reasonable diligence that Lt. Jones was the supervising officer during his arrest on April 29, 2014." (Defs.' Br. in Opp'n at 14, ECF No. 29). In his reply brief, Plaintiff acknowledges that he was aware that Officer Jones was a Lieutenant and was the highest-ranking officer at the scene during Plaintiff's April 29, 2014 arrest. (Pl.'s Reply Br. at 2, ECF No. 30). However, Plaintiff claims that Lt. Jones' role as a supervisor only became clear after his deposition. *Id*.

The Third Circuit has held that the moving party must show due diligence to demonstrate good cause under Rule 16. *See Race Tires America, Inc. v. Hoosier Racing Tire Corp*., 614 F.3d 57, 84 (3d. Cir. 2010). Here, Plaintiff provides no showing of due diligence for why he could not have learned the information to allege a claim for failure to supervise prior to the deadline to file his motion to amend. The only explanation proffered by Plaintiff for his delay is that he did not know the information about Lt. Jones' role as a supervisor "until after his [January 30, 2017] deposition." (Pl.'s Br. in Supp. of Mot. to Amend at 3, ECF No. 26). Prior to the March 11, 2016 deadline to amend the Complaint, Plaintiff had multiple opportunities to learn the relevant information to supports his motion to add a failure to supervise claim. As Defendants correctly point out in its opposition brief, a simple review of the relevant police reports and the Boonton

7

Police Department's website would have revealed the necessary information to allege a cause of action for failure to supervise. (*See* Defs.' Br. in Opp'n, at 14, ECF No. 29). Based on its own representations, it appears that Plaintiff, through the exercise of reasonable diligence, should have possessed the knowledge to file the motion to amend before the deadline expired. Therefore, Plaintiff has not established good cause under Rule 16 to amend the Complaint after the Court's March 11, 2016 deadline and the motion to amend to add a claim for failure to supervise will therefore be **DENIED**.

Lastly, the Court addresses Plaintiff's request to withdraw his claim for negligent hiring and/or training. Boonton Defendants do not oppose this amendment. However, in Plaintiff's reply brief, he requests to pursue this claim should the Court deny his motion to amend to add a claim for failure to supervise. Since Plaintiff's motion to amend to add a new claim was denied, Plaintiff's original Complaint remains operative and Plaintiff may continue to pursue his claim for negligent hiring and/or training.

    *ii.    Rule 15*

Although the Court denies Plaintiff's motion to amend based on Plaintiff's failure to demonstrate good cause under Rule 16, the Court notes that even if Plaintiff had demonstrated good cause, Plaintiff's motion to amend would be denied under Rule 15.

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the

amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharma v. Mylan Techs Inc.*, 2013 U.S. Dist. LEXIS 32931, at *4 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . . ." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

Although Plaintiff's proposed amendments fail for lack of good cause alone, the Court also recognizes the prejudice that Defendants would suffer should Plaintiff be permitted to amend his Complaint at this late stage of the case. Fact discovery, which has already been extended twice, is now closed. If the Court granted Plaintiffs motion to amend, Defendants would be forced to engage in further discovery and deal with a new set of scheduling deadlines. Moreover, this case has been pending for more than two year and the additional discovery required to defend against these amendments would further delay the resolution of the dispute. Accordingly, although Plaintiff's motion to amend fails on an insufficient showing of good cause alone, the motion to amend also fails on the basis of unfair prejudice to Defendants.

### III. MOTION TO COMPEL THE PRODUCTION OF INTERNAL AFFAIRS FILES

#### A. Legal Standard

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation and provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

9

> resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. *Tele–Radio Sys. Ltd. v. De Forest Elecs., Inc.,* 92 F.R.D. 371, 375 (D.N.J. 1981). While relevant information need not be admissible at trial in order to grant disclosure, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). Upon a finding of good cause, a court may order discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the action. "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.,* 173 F.3d 188, 191 (3d Cir. 1999). Discovery requests may be curtailed to protect a person from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

### B. Discussion

Plaintiff requests all the internal affairs files of Officers Christopher Petonak, Stephen Jones, Anthony LiMandri, Leroy Harris and Steven Kairys. Boonton Defendants assert that the Court should deny Plaintiff's motion to compel the production of the internal affairs files because they will be "greatly prejudiced" by Plaintiff's last minute request on the "eve of the close of discovery." (Defs.' Letter Br. in Opp'n at 4, ECF No. 33). Defendants further contend that should the Court grant Plaintiff's motion to compel the production of the internal affairs files, said production should be limited to the named Defendants, files of complaints that deal with similar claims asserted by Plaintiff, and the files should only cover the past five years. *Id*. at 8.

With regards to Plaintiff's request for the internal affairs files of Officers Leroy Harris and Steven Kairys, those request are denied. Officers Harris and Kairys are not named Defendants, and the Court denied Plaintiff's motion to amend his Complaint to include them. Additionally, Plaintiff fails to make any argument to why all, or any, of Officers Harris and Kairys internal affairs files would be relevant to his case as presently constituted. Therefore, Plaintiff failed to meet his burden under Rule 26, and Plaintiff's request for the internal affairs files of Officers Harris and Kairys will therefore be **DENIED**.

As to Plaintiff's request for the internal affairs files of Defendants Christopher Petonak, Anthony Limandri and Stephen Jones, those requests are granted. Although Plaintiff did not fully to address how the internal affairs files were relevant, the Court is reluctant to deny Plaintiff's request since the files may show a pattern and practice of Defendants engaging in similar conduct that Plaintiff alleges in his Complaint. Accordingly, Defendants shall provide Plaintiff with Defendants Petonak, LiMandri and Jones internal affairs files that involve complaints alleging assault and battery, false arrest, conspiracy, illegal search and seizure, violations of self-incrimination clause, and violation of the equal protection clause. The Court is aware that such documents may be confidential. To the extent that they are, the parties may redact these documents as they deem appropriate under the Discovery Confidentiality Order previously entered in this case. (ECF No. 17)

### IV. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 29th day of September 2017,

**ORDERED** that Plaintiff's Motion to Amend (ECF No. 26) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to Compel (ECF No. 32) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that within **twenty-one (21) days** from the date of this Order, Defendants shall provide Plaintiff with Defendants Petonak, Limandri and Jones' internal affairs files that involve complaints alleging assault and battery, false arrest, conspiracy, illegal search and seizure, violations of self-incrimination clause, and violation of the equal protection clause; and it is further

**ORDERED** that the Clerk of Court shall terminate Police Officer Andre Gibson from the docket; and it is further

**ORDERED** that the Clerk of Court shall terminate the Motions at Docket Entry Nos. 26 and 32.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**